## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TAS ENERGY, INC.,

    Plaintiff,

v.                                           Case No: 8:14-cv-3145-T-30MAP

STELLAR ENERGY AMERICAS, INC.,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Defendant's Motion to Stay Pending *Inter Partes* Review (Dkt. #79) and Plaintiff's Response in Opposition to the Motion (Dkt. #81). Upon review and consideration, it is the Court's conclusion that the Motion should be denied as premature.

### *Background*

TAS Energy, Inc. ("TAS Energy") sues Stellar Energy Americas, Inc. ("Stellar") for patent infringement. The parties are competing engineering firms who are bidding to design and construct a TIAC system (combined gas turbine inlet air cooling and thermal energy storage system) at Duke Energy's Hines complex in Bartow. Although their bids expired on March 2, 2015, without Duke choosing either firm, TAS Energy nonetheless preemptively moved to preliminarily enjoin Stellar from infringing its '815 patent (patent number RE44,815) contending that Duke's request for proposal (RFP) demands a design that would necessarily infringe its patent. Even though the effect of any preliminary

injunction would seem to suggest that Duke could only choose TAS Energy for the job, it has not sued Duke as a potential infringer. Stellar opposed the preliminary injunction motion by claiming the '815 patent is invalid.

After hearing the parties' evidence and their extensive arguments on the matter, the Court denied TAS Energy's motion for preliminary injunction without prejudice because "Plaintiff's claims are not yet ripe for the exercise of the Court's injunctive authority in advance of a trial on the merits." Dkt. # 74.   Stellar filed petitions for *inter partes* review with the United States Patent and Trademark Office ("PTO") on March 17, 2015. Stellar now moves for a stay of this action pending the resolution of the petitions.

*Discussion*

### I.   Legal Standard

Courts have broad discretion to manage their dockets, including the power to grant a stay pending the conclusion of PTO administrative proceedings. *See Proctor & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848–49 (Fed. Cir. 2008). A stay is not automatic, but instead must be based upon the circumstances of the individual case before the court. *U.S. Nutraceuticals, LLC v. Cyanotech Corp.*, No. 5:12-cv-366-Oc-10PRL, 2013 WL 6050744, *2 (M.D. Fla. Nov. 15, 2013) (citation omitted). When determining if a stay is warranted, district courts consider whether a stay will (1) simplify the issues and streamline trial; (2) reduce the burden of litigation on the parties and the court; and (3) not unduly prejudice the non-movant. *Lifewatch Services, Inc. v. Medicomp, Inc.*, No. 6:09-cv-1909-Orl-31DAB, 2010 WL 963202, at *1 (M.D. Fla. Mar. 16, 2010).

The party moving for a stay bears the burden of demonstrating that such relief is warranted. *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12–cv–1727, 2013 WL

2

6133763, at * 1 (M.D. Fla. Nov. 21, 2013) (citing *Landis v. N. Am. Co.*, 229 U.S. 248, 254–55 (1936)).

## II.  *Inter Partes* Review

An *inter partes* review begins by a non-patent owner petitioning the PTO to review the patentability of a patent. *See* 35 U.S.C. § 311(b). The non-patent owner challenges one or more claims of a patent as invalid under 35 U.S.C. § 102 (prior art) or § 103 (obviousness) or both. The patent owner may file a response to argue against the PTO instituting an *inter partes* review. *See* 37 C.F.R. § 42.107(a)-(b). From there, the PTO may institute *inter partes* review if it determines "there is a reasonable likelihood that the petitioner would prevail with respect to at least one of the claims challenged in the petition." 35 U.S.C. § 314(a). That decision must be made within three months of the patent owner's response, or three months from the last day the patent owner could respond to the petition. *See id.* § 314(b).

If the PTO institutes an *inter partes* review, a panel of three administrative patent judges, who have "legal knowledge and scientific ability," conduct the proceedings. *See id.* §§ 6(a)-(c), 311. The parties engage in limited discovery and respond to arguments, and have the right to an oral hearing. *See id.* § 316(a) (10). The PTO must complete the *inter partes* review within one year, with the possibility that the proceeding may be extended for an additional six months for good cause. *See id.* § 316(a) (11). Any party may appeal the PTO's decision to the United States Court of Appeals for the Federal Circuit. *See id.* §§ 141–44.

### III. Stellar's Motion to Stay

Stellar argues that there is a substantial likelihood that the PTO will institute review of the patent-in suit because it already instituted review of the parents of the patent-in-suit in prior *inter partes* review proceedings. Stellar also argues that TAS Energy will not be unduly prejudiced because its motion for preliminary injunction was denied, which Stellar argues raises a substantial question as to the validity of the patent-in-suit. Stellar further argues that the PTO grants a majority of the petitions filed and it is likely to resolve the question regarding the validity of the patent-in-suit, which would minimize duplicative efforts and may streamline the district court's litigation. It further argues that the stay would be "brief."

TAS Energy opposes Stellar's Motion and argues that this Court should deny the motion for three reasons: Stellar's motion is premature; Stellar exaggerates the possibility that its IPR petitions—if instituted at all—will simplify this litigation; and Stellar ignores the prejudice that TAS Energy will suffer as a result of a stay. It argues that the majority of the courts in the Middle District of Florida deny motions for stay when the PTO has not yet granted a movant's petition for *inter partes* review and no circumstances in this case justify a departure from that trend. Further, TAS Energy states that Stellar's petitions challenge different claims of the '815 patent, and each petition challenged less than half of the '815 patent's claim; therefore, the review would not simplify the issues in this case because it will not finally resolve all issues in the litigation. It further argues that when the parties are direct competitors the risk of prejudice in delaying a patent infringement suit is high, which courts in this district recognize as a basis to deny a stay.

The Court concludes that granting a stay at this stage of the *inter partes* review process is premature. Therefore, the Court denies the Motion without prejudice to Stellar to raise the issue if and when the PTO grants its petitions. *Accord CANVS Corp. v. FLIR Sys., Inc.*, 2:14-CV-180-FTM-38CM, 2014 WL 6883127, at *1 (M.D. Fla. Dec. 5, 2014) (referencing defendant's previous motion for stay which the court denied as premature without prejudice to re-file if and when the PTO granted *inter partes* review). *See also Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12-cv-1727-Orl-37DAB, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013) ("it seems clear that a stay of a patent infringement action is not warranted when based on nothing more than the fact that a petition for *inter partes* review was filed in the USPTO."); *U.S. Nutraceuticals, LLC*, 2013 WL 6050744, at *3 (explaining since it remained uncertain as to whether the petition for *inter partes* review would be granted, a stay would prejudice the plaintiff's ability to prosecute its claims and present a clear tactical advantage to the defendants).

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Stay Pending *Inter Partes* Review (Dkt. #79) is DENIED without prejudice to re-file the Motion if and when the United States Patent and Trademark Office grants Stellar Energy Americas, Inc.'s petitions for *inter partes* review.

**DONE** and **ORDERED** in Tampa, Florida, this 2nd day of April, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-3145 stay 79.docx